**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**Dallas Division**

| | |
|---|---|
| JEAN MELCHIOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:11-cv-03094-M |
| ) | |
| HILITE INTERNATIONAL, INC. ) | |
| ) | |
| Defendant. ) | **Complaint; Jury Trial Demanded** |

## FIRST AMENDED COMPLAINT

Plaintiff JEAN MELCHIOR, for its first amended complaint against Defendant HILITE INTERNATIONAL, INC., states and alleges as follows:

## INTRODUCTION

This is a patent infringement case.

## PARTIES

1. Plaintiff Jean Melchior ("Melchior") is an individual and a citizen of France, who resides at 16, rue de l'Abbaye, 75006 Paris, France.

2. Defendant HILITE INTERNATIONAL, INC. ("Hilite") is a corporation with an established place of business at 1671 S. Broadway, Carrollton, TX 75006, within this judicial district and division.

3. On information and belief, Defendant Hilite regularly conducts business in this judicial district through its Dallas Division by manufacturing cam shaft phasers whose installation in an internal combustion engine and operation with the engine are covered by the '017, '506 and '254 patents that form the basis for this patent infringement lawsuit.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

5. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court may exercise personal jurisdiction over Hilite based upon its contacts within this forum, including regularly conducting business at a facility located in this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## THE '017, '506 and '254 PATENTS

8. Mr. Jean Melchior, an engineer by profession, has engaged in the development of innovative solutions for the improvement of combustion engines, in particular in the area of camshaft phasers ("cam phasers"). A cam phaser is a device that adjusts the phase of the camshaft with respect to the crankshaft of the engine, in order to control the timing of opening and closing of the cylinder valves, which makes it possible to improve combustion and reduce oil consumption by the engine.

9. Mr. Jean Melchior owns United States Patent Nos. 5,645,017 ("the '017 patent"), 5,649,506 ("the '506 patent"), and 5,507,254 ("the '254 patent") (all three patents are collectively

referred to as the "Patents in Suit") relating to couplings for the transmission of alternating torques in cam phasers. Mr. Melchior is and has been the owner of all right, title and interest to the '017, '506 and '254 patents since the date each of the patents duly and legally issued to Mr. Melchior. Copies of Melchior's '017, '506 and '254 patents are attached to this Complaint as Exhibits A, B, and C, respectively.

**DEFENDANT'S INFRINGING ACTIVITIES**

10. Without Mr. Melchior's authorization, Hilite has manufactured or imported, used, offered for sale and sold in the United States cam phasers which, when installed in an engine and operated with the engine, are covered by the '506 patent, and when operated with the engine infringe the '017 and '254 patents (hereinafter, the "Accused Cam Phasers"). Copies of photographs of disassembled components of the Hilite intake cam phasers are attached to this Complaint as Exhibit D.

11. Hilite has knowingly and intentionally manufactured and operated, and continues to knowingly and intentionally manufacture and operate, engines equipped with the Accused Cam Phasers that infringe, directly and/or indirectly the Patents in Suit with knowledge of the Patents in Suit.

12. Hilite has, with knowledge of the Patents in Suit, offered for sale and sold, and continues to offer for sale and sell, Accused Cam Phasers in the United States to at least CHRYSLER GROUP LLC ("Chrysler"), with instructions (i) to manufacture and operate engines equipped with the Accused Cam Phasers in a manner that infringes the '506 patent, (ii) to operate engines equipped with the Accused Cam Phasers in a manner that infringes the '017 patent, (iii) to further instruct Chrysler's customers who purchase vehicles sold by Chrysler to operate engines equipped with the Accused Cam Phasers in a manner that infringes the

'506 patent and (iv) to further instruct Chrysler's customers who purchase vehicles sold by Chrysler to operate engines equipped with the Accused Cam Phasers in a manner that infringes the '017 and '254 patents, as set forth more fully below.  The sales of Accused Cam Phasers to Chrysler by Hilite are and have been done with knowledge of the Patents in Suit.

13. On information and belief, Chrysler (i) has installed and continues to install the Accused Cam Phasers at least in Chrysler's Pentastar engines in a manner that infringes the '506 patent, (ii) has operated and continues to operate Pentastar engines equipped with the Accused Cam Phasers in a manner that infringes the '506 patent, and (iv) has operated and continues to operate Pentastar engines equipped with the Accused Cam Phasers in a manner that infringes the '017 and '254 patents, as set forth more fully below.

14. On information and belief, Chrysler has offered for sale and sold, and continues to offer for sale and sell, vehicles equipped with Pentastar engines and the Accused Cam Phasers to Chrysler's customers in the United States, with instructions (i) to operate the Pentastar engines equipped with the Accused Cam Phasers in a manner that infringes the '506 patent, and these customers have so operated the Pentastar engines and the Accused Cam Phasers, and (ii) to operate the Pentastar engines equipped with the Accused Cam Phasers in a manner that infringes the '017 and '254 patents, and these customers have so operated the Pentastar engines and the Accused Cam Phasers, as set forth more fully below.

15. On information and belief, Hilite has since at least mid-2011, with knowledge of the Patents in Suit, manufactured or imported, used, offered for sale and sold, and continues to manufacture or import, use, offer for sale and sell, in or from the United States, to at least General Motors Korea, General Motors Wuling China, and General Motors Shanghai (collectively "GM"), phaser valves having fast phasing (chamber-to-chamber direct

recirculation) check valves for both advance and retard directions ("two way" fast phasing) which, when installed in an engine and operated with the engine, are covered by the '506 patent, and when operated with the engine, infringe the '017 and '254 patents (hereinafter, the "Accused FamB Phaser Valves").

16.  A photograph of a Hilite FamB phaser body showing the use of the mark "fastphaser®," and a photograph of a Hilite FamB phaser valve showing conventional oil supply port P in the center, conventional venting ports A and B on each side for emptying the advance and retard chambers to the sump, and two fast phasing ports A1 and B1 for direct recirculation from chamber to chamber in each of the advance and retard directions ("two way" fast phasing), are attached to this First Amended Complaint as Exhibit E.

17.  On information and belief, Hilite has, with knowledge of the Patents in Suit, supplied or caused to be supplied, and continues to supply or cause to be supplied, Accused FamB Phaser Valves in or from the United States to at least GM, in order to be assembled into engines in a manner that would infringe the '506 patent if the engines were manufactured in the United States.  The supplying or causing to be supplied of the Accused FamB Phaser Valves to at least GM by Hilite is and has been done with knowledge that the Accused FamB Phaser Valves are especially made and especially adapted for use in engines in a manner that infringes the '506 patent, and with the intention that the Accused FamB Phaser Valves be used in this manner.  Upon information and belief, the Accused FamB Phaser Valves are not staple articles or commodities of commerce, and they are not suitable for substantial noninfringing use.

18.  Hilite's infringement of the '017, '506 and '254 patents has been and continues to be intentional and willful.

19. Hilite had actual notice from Melchior of its infringement of the '017, '506 and '254 patents before the filing of this complaint, but continues to carry out the activities alleged by Melchior to infringe the '017, '506 and '254 patents. Accordingly, Hilite's infringement has been and continues to be willful.

20. Mr. Melchior has been and will continue to be irreparably harmed by Hilite's infringement of the '017, '506 and '254 patents.

### COUNT 1: PATENT INFRINGEMENT

21. Melchior re-alleges each and every allegation above, and incorporates them by reference herein.

22. Hilite has directly infringed and continues to directly infringe claims 1-2, 7-10, 12-15, and 18 of the '506 patent under 35 U.S.C. §271(a), by manufacturing in the United States and/or importing into the United States, and operating in the United States, engines equipped with the Accused Cam Phasers, in a manner that infringes claims 1-2, 7-10, 12-15 and 18 of the '506 patent, without Melchior's authorization or license.

23. Hilite has directly infringed and continues to directly infringe claims 22-25 of the '017 patent and claim 5 of the '254 patent under 35 U.S.C. §271(a), by operating in the United States engines equipped with the Accused Cam Phasers, in a manner that infringes claims 22-25 of the '017 patent and claim 5 of the '254 patent, without Mr. Melchior's authorization or license.

## COUNT 2: INDUCED PATENT INFRINGEMENT

24.     Hilite has actively induced and continues to actively induce infringement of claims 1-2, 7-10, 12-15, and 18 of the '506 patent under 37 U.S.C. §271(b), by offering to sell and selling the Accused Cam Phasers to Chrysler in the United States, without Melchior's authorization or license, (i) with instructions and full knowledge that Chrysler will install the Accused Cam Phasers in Chrysler's Pentastar engines and operate the engines in a manner that infringes claims 1-2, 7-10, 12-15, and 18 of the '506 patent, and Chrysler has so manufactured and operated the Pentastar engines with the Accused Cam Phasers in the United States, without Mr. Melchior's authorization or license, and (ii) with further instructions and full knowledge that Chrysler offer for sale and sell its vehicles having Pentastar engines with the Accused Cam Phasers to customers in the United States with instructions to operate the engines in a manner that infringes claims 1-2, 7-10, 12-15, and 18 of the '506 patent, and Chrysler's customers have so operated the Pentastar engines with the Accused Cam Phasers in the United States, without Mr. Melchior's authorization or license. All of Hilite's activities described herein were done with prior knowledge of the Patents in Suit.

25.     Hilite has actively induced and continues to actively induce infringement of claims 22-25 of the '017 patent and claim 5 of the '254 patent under 37 U.S.C. §271(b), by offering to sell and selling the Accused Cam Phasers to Chrysler in the United States, without Melchior's authorization or license, (i) with instructions and full knowledge that Chrysler will install the Accused Cam Phasers in Chrysler's Pentastar engines and operate the engines in a manner that infringes claims 22-25 of the '017 patent and claim 5 of the '254 patent, and Chrysler has so operated the Pentastar engines with the Accused Cam Phasers in the United States, without Mr. Melchior's authorization or license, and (ii) with further instructions and full knowledge

that Chrysler offer for sale and sell its vehicles having Pentastar engines with the Accused Cam Phasers to customers in the United States with instructions to operate the engines with the Accused Cam Phasers in a manner that infringes claims 22-25 of the '017 patent and claim 5 of the '254 patent, and Chrysler's customers have so operated the Pentastar engines with the Accused Cam Phasers in the United States, without Mr. Melchior's authorization or license. All of Hilite's activities described herein were done with knowledge of the Patents in Suit.

### COUNT 3: CONTRIBUTORY PATENT INFRINGEMENT

26.  Hilite has contributorily infringed and continues to contributorily infringe claims 7-10, 12-15, and 18 of the '506 patent under 35 U.S.C. §271(c), by manufacturing in the United States and/or importing into the United States, and offering to sell and selling in the United States the Accused Cam Phasers as a component of a machine, manufacture, or combination covered by claims 7-10, 12-15, and 18 of the '506 patent that constitutes a material part of the invention, and which is not a staple article or commodity of commerce suitable for substantial noninfringing use, without Mr. Melchior's authorization or license. On information and belief, Hilite knows that the component and/or apparatus is especially made or especially adapted for use in infringing claims 7-10, 12-15, and 18 of the '506 patent.

### COUNT 4: EXPORTATION OF COMPONENTS OF PATENTED INVENTION

27.  Hilite has infringed and continues to infringe claims 7-10, 12-15, and 18 of the '506 patent under 35 U.S.C. §271(f), supplying or causing to be supplied in or from the United States the Accused FamB Phaser Valves as a component of a machine, manufacture, or combination covered by claims 7-10, 12-15, and 18 of the '506 patent that is especially made or especially adapted for use in the invention, and which is not a staple article or commodity of commerce suitable for substantial noninfringing use, without Mr. Melchior's authorization or

- 9 -

license. On information and belief, Hilite knew and knows that the component and/or apparatus is especially made or especially adapted for use in infringing claims 7-10, 12- 15, and 18 of the '506 patent, and Hilite intended and intends that the component be combined outside of the United States in a manner that would infringe claims 7-10, 12-15, and 18 of the '506 patent if such combination occurred within the United States.

## **JURY DEMAND**

Plaintiff Melchior demands a trial by jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Melchior respectfully prays for:

A. Judgment that Defendant Hilite has and is willfully infringing, inducing infringement of, and contributorily infringing, United States Patent Nos. 5,645,017, 5,649,506, and '5,507,254, in violation of 35 U.S.C. § 271(a), (b), (c) and (f);

B. An injunction against further infringement of United States Patent Nos. 5,645,017, 5,649,506, and 5,507,254 by Defendant Hilite, its agents, servants, employees, officers, and all others controlled by them;

C. An award of damages adequate to compensate Plaintiff Melchior for the patent infringement that has occurred pursuant to 35 U.S.C. § 284, which shall be trebled as a result of Defendant Hilite's willful patent infringement, together with prejudgment interest and costs;

D. An assessment of costs, including reasonable attorney fees, pursuant to 35 U.S.C. § 285, with prejudgment interest;

E. Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: July 9, 2013        By:   */s/ Thomas C. Wright*
                                    Thomas C. Wright
                                    Texas State Bar No. 24028146
                                    Alex Whitman
                                    Texas State Bar No. 24081210
                                    N.D. Tex. Bar No. 0086276FL
                                    **ROSE·WALKER, L.L.P.**
                                    3500 Maple Avenue, Suite 900
                                    Dallas, Texas 75219
                                    Phone: 214.752.8600
                                    Facsimile 214.752.8700

                                    Nicolas E. Seckel (admitted pro hac vice)
                                    Scott M. Daniels (admitted pro hac vice)
                                    **Westerman, Hattori, Daniels & Adrian, LLP**
                                    1250 Connecticut Avenue, NW, Suite 700
                                    Washington, D.C.  20036

                                    **ATTORNEYS FOR PLAINTIFF**
                                    **JEAN MELCHIOR**

## **CERTIFICATE OF SERVICE**

     The undersigned affirms that I have this 9th day of July, 2013 caused a copy of the foregoing document to be served upon counsel for defendant via the Court's ECF System.

                                                                       */s/ Thomas C. Wright*