IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEAN MELCHIOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-3094-M (BH) |
| | § | |
| HILITE INTERNATIONAL, INC., | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated September 23, 2015 (doc. 317), before the Court are *Plaintiff's Bill of Costs*, filed August 10, 2015 (doc. 296); *Plaintiff's Amended Bill of Costs*, filed September 8, 2015 (doc. 311, 316); and *Defendant Hilite International Inc.'s Objection to Plaintiff Jean Melchior's Amended Bill of Costs,* filed September 22, 2015 (doc. 314). Based on the relevant filings and applicable law, the defendant's objection should be **SUSTAINED,** and the plaintiff should be awarded $47,366.11 in costs.

**I. BACKGROUND**

On November 9, 2011, Jean Melchior (Plaintiff) filed suit against Hilite International, Inc. (Defendant), for patent infringement, induced patent infringement, contributory patent infringement, and exportation of components of patented invention. (docs. 1; 116 at 6-9.) Following a jury trial in February 2015, the jury rendered a verdict in Plaintiff's favor. (doc. 263 at 25-35, 38) After ruling on the parties' post-verdict motions, the Court rendered a final judgment in Plaintiff's favor on July 27, 2015, and ordered that he recover his costs. (doc. 293 at 2.)

On August 10, 2015, Plaintiff submitted a bill of costs for $83,845.84.[1] (doc. 296.) On

---

[1] Plaintiff did not use standard form AO 133, which is used in this district and is available on the Court's website, and his filing did not substantially comport with its format. *See* L.R. 54.1. Plaintiff also did

September 8, 2015, Plaintiff submitted an amended bill of costs seeking $80,165.04,[2] including $32,698.90 for recoverable electronic document processing expenses that he claimed are the "modern day equivalent of 'exemplification and copies' of paper."[3] (docs. 311 at 4; 316 at 1.) Plaintiff also provided an affidavit from his attorney and invoices in support of the requested costs. (docs. 311-1, 311-2, 311-3, 311-4, 311-5, 311-6, 311-7.) Defendant objected to the amended bill of costs on September 22, 2015, noting that "[t]he parties have reached an agreement concerning most of [Plaintiff's] requested charges."[4] (doc. 314 at 1.) Defendant only objects to $31,774.40 associated with electronic document processing. (*Id*. at 3.)

## II. ANALYSIS

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, a prevailing party in a civil action is entitled to recover its costs unless otherwise directed by a court or statute.[5] Fed. R. Civ. P. 54(d)(1). There is "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981)). This presumption is rebuttable, however, and the district court retains the discretion not to award costs. *See*

---

not attach invoices to support the costs he claimed.

[2] Plaintiff again did not use form AO 133 (*see* doc. 311), but he later filed the form as an attachment to his amended bill on September 23, 2015. (*See* doc. 316.)

[3] Although the total listed on form AO 133 is the same as the amount requested in the amended bill of costs, the numbers listed in the categories differ. (*See* docs. 311 at 6; 316 at 1.)

[4] Defendant states that "In the course of discussions concerning [Plaintiff's] requested costs, [Defendant] raised an objection to an invoice for $1,024.53 for 'legal services' performed by a French law firm. [Plaintiff] does not object to removing this charge from his bill of costs." (doc. 314 at 1) (internal citation omitted).

[5] Taxable costs include: (1) fees paid to the clerk and marshal; (2) fees paid to the court reporter or stenographer for all or part of the stenographic transcript necessarily obtained for use in the case; (3) witness fees and related expenses; (4) printing costs; (5) fees for exemplification and copies of papers necessarily obtained for use in the case; and (6) fees of court appointed experts, interpreters and special interpretation services. 28 U.S.C. § 1920.

2

*United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 539 (5th Cir. 1987). The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991).

Section 1920(4) allows for the taxing of costs of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "The 2008 amendments to § 1920(4) replaced 'copies of papers' with 'the costs of making copies of any materials,' where the copies are necessarily obtained for use in the case." *Structural Metal, Inc. v. S&C Elec. Co.*, No. SA–09–CV–984–XR, 2013 WL 3790450, at *7 (W.D. Tex. July 19, 2013). Accordingly, "the taxable costs of making copies are no longer limited to just paper copies." *Eolas Tech., Inc. v. Adobe Sys., Inc.*, 891 F.Supp.2d 803, 806 (E.D. Tex. 2012).

A.  **Hosting Fees, User Fees, and Miscellaneous Database Charges**

Defendant first objects to Plaintiff's request for hosting fees, user fees, and database charges.[6] (docs. 314 at 4; 315-2 at 1-4.)

"Though [§ 1920(4)] has been broadened to allow for copying materials as opposed to just papers, it is not so broad as to cover general electronic discovery costs that precede copying or scanning of materials." *Eolas*, 891 F.Supp.2d at 806. "The statute allows for taxing the costs of making copies, not all of the steps leading up to the process of copying. Thus, costs for document collection, processing, and hosting are not permitted under § 1920(4)." *Id.* Accordingly, Defendant's objection related to hosting fees, user fees, and other miscellaneous database charges should be

---

[6] These categories are grouped together because of the similarity of the analysis for each.

sustained, and Plaintiff's requested costs should be reduced by $21,375.95.[7]

**B.     Trial Preparation**

Defendant next objects to Plaintiff's request for trial preparation costs. (doc. 314 at 4; 315-2 at 1-4.)

   *1.     Data conversion*

Defendant objects to Plaintiff's recovery of costs for converting electronically stored information "from the agreed-upon format to another format that was merely more convenient for [Plaintiff's] counsel or his vendor." (doc. 314 at 7.)

"Generally, file conversion is copying a file of one type to a file of another type." *Eolas*, 891 F.Supp.2d at 807. Producing documents in native format avoids the extra costs associated with converting the document's format. *Id.* Other courts have recognized that "many parties opt to produce documents in [Tagged Image File Format (TIFF)] format to avoid inadvertent production of . . . metadata," but when an agreement between the parties allows for production in native or TIFF format, then "the costs for conversion were not 'necessarily obtained for use in the case' and are not taxable under § 1920." *Id.*

Here, the parties entered into an agreement regarding electronically stored information early in the case to produce electronic documents in either native or TIFF format. (docs. 21 at 9; 21-1 at 2.) For each electronic document not produced in a native format, the parties agreed that those documents "shall be produced in single-page [TIFF] format." (*Id.*) Accordingly, the parties were not obligated to convert any document. (*Id.*) Because any conversion of electronic files was the choice of each

---

[7] This includes $19,382.88 for hosting fees (doc. 311-5 at 10, 14, 18, 21, 23, 25, 26, 31, 35, 37-42, 44-51, 53, 57, 66), $1,528.03 for user fees (*Id.* at 7, 11, 15, 19, 22, 24, 52), and $465.04 for miscellaneous database charges (*Id.* at 33, 34, 43). Defendant mistakenly identifies the miscellaneous database charge as $1,160 in its objection and appendix. (docs. 314 at 4; 315-2 at 4.)

4

party, the conversion of files was not "necessarily obtained" under § 1920(4). Defendant's objection should therefore be sustained. The invoices identified by Defendant reflect that Plaintiff is claiming $1,731.46 for data conversion.[8] (*See* docs. 311-5 at 55, 59-62, 64, 65; 315-2 at 1-4.) Because this cost is not taxable under § 1920(4), Plaintiff's costs should be reduced by $1,731.46.

   2.   *Exhibit stamps*

Defendant next objects to Plaintiff's recovery of costs associated with the inclusion of exhibit stamps on discovery documents. (docs. 314 at 4; 315-2 at 1-4.) It argues that costs for "endorsing or electronic Bates-stamping" are not recoverable, citing *E.A.F.F. v. U.S.*, No. SA–08–CA–124–XR, 2014 WL 2155263 (W.D. Tex. May 22, 2014). (doc. 314 at 4.) The court in *E.A.F.F.* noted that "Courts are split regarding whether endorsing or electronic Bates-stamping is a recoverable cost." *E.A.F.F.*, 2014 WL 2155263, at *4. Courts in this district have previously rejected recovery for exhibit stamps and bates labels under § 1920(4), however. *See, e.g., Bank One Texas, N.A. v. Apex Energy, LLC*, No. 3–00–CV–2160–M, 2002 WL 22055, at *3 n.3 (N.D. Tex. Jan. 4, 2002) (noting "costs incurred for 'labelling,' 'drilling,' 'tabs,' and 'heavy handling' services are not recoverable under the guise of photocopy charges."); *Rundus v. City of Dallas*, No. 3-06-CV-1823-BD, 2009 WL 3614519, at *4 (N.D. Tex. Nov. 2, 2009), *aff'd*, 634 F.3d 309 (5th Cir. 2011) (noting that the prevailing party was not entitled to recover costs for electronic Bates labeling or coding).

Here, Defendant's spreadsheet and related statements reflect that Plaintiff included $1,279.68 in his bill of costs for exhibit stamps. (*See* docs. 311-5 at 54, 56, 58, 63; 315-2 at 1-4.) Because exhibit stamps are not recoverable under § 1920(4), Defendant's objection should be sustained, and Plaintiff's requested costs should be reduced by $1,279.68.

---

[8] This total also reflects $167.79 for conversion of a file into a ZIP file format. (doc. 311-5 at 59.)

**C.    Plaintiff's Electronic Database**

Defendant further objects to the inclusion of some costs associated with Plaintiff's building of an electronic database for his own documents. (doc. 315-2 at 1-4.)

As previously noted, "[§ 1920(4) is not so broad as to cover general electronic discovery costs that precede copying or scanning of materials." *Eolas*, 891 F.Supp.2d at 806. "The statute allows for taxing the costs of making copies, not all of the steps leading up to the process of copying. Thus, costs for document collection, processing, and hosting are not permitted under § 1920(4)." *Id*.

Here, Plaintiff has included costs associated with the building of an electronic database of documents along with discovery. (docs. 311-5 at 5, 16; 315-2 at 1.) This item is analogous to the "steps leading up to the process of copying," not an electronic equivalent of copying itself. *Eolas*, 891 F.Supp.2d at 806. Accordingly, those costs are not permitted under § 1920(4), and Defendant's objection should be sustained.[9] Review of the invoices identified by Defendant reflect that Plaintiff is objecting to $819.17 in costs.[10] (*See* docs. 311-5 at 4, 5, 8, 16, 17, 30; 315-2 at 1-4.) Plaintiff's requested costs should be reduced by $819.17.

**D.    Defendant's Production**

Defendant objects to costs Plaintiff seeks for conversion of documents that Defendant produced to Plaintiff. (*See* doc. 314 at 4; 315-2 at 1-4.)

As previously noted, the parties entered into an agreement regarding electronically stored information that allowed the parties to produce electronic documents in either native or TIFF format.

---

[9] Additionally, to the extent that data conversion is also included on Invoices # 34661 and 35259, those costs are not recoverable either because the parties could produce documents in either native or TIFF formats and therefore they were not "necessarily obtained" under § 1920(4). (docs. 21 at 9; 21-1 at 2.)

[10] Defendant mistakenly identifies this amount as $924.50 in its objection and appendix. The invoices total $1,743.67 and Defendant does not object to $924.50 in costs. (315-2 at 1-4.)

(docs. 21 at 9; 21-1 at 2.) When an agreement between the parties allows for production in native or TIFF format, then "the costs for conversion were not 'necessarily obtained for use in the case' and are not taxable under § 1920." *Eolas*, 891 F.Supp.2d at 807.

Here, the costs to which Defendant objects relate to "Data Conversion" of files produced in accordance with the parties agreement regarding electronically stored information and manipulation of those files in Plaintiff's system. (*See* docs. 311-5 at 6, 9, 12, 13, 20, 27, 28, 29, 32, 36; 315-2 at 1-4.). Because any conversion or manipulation of electronic files produced by Defendant was the choice of Plaintiff, the conversion of files was not "necessarily obtained" under § 1920(4). Defendant's objection should therefore be sustained. The invoices identified by Defendant reflect that Plaintiff is claiming $5,533.46 for these costs.[11] (*Id.*) Because this cost in not taxable under § 1920(4), Plaintiff's costs should be reduced by $5,533.46.

**E.     Copy Charges**

Defendant finally objects to Plaintiff's request for costs associated with copy charges. (docs. 314 at 4; 315-2 at 1-4.)

Under § 1920(4), "reproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity." *Fogleman*, 920 F.2d at 286 (footnotes omitted). The Fifth Circuit has explained that "[the losing party] should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Id.* While taxable costs include charges

---

[11] Defendant mistakenly identifies this amount as $5,657.67 in its objection and appendix. (docs. 314 at 4; 315-2 at 4.) The total of the invoices that it identifies only total $5,533.46, however. (*See* docs. 311-5 at 6, 9, 12, 13, 20, 27, 28, 29, 32, 36.)

for "copies made as part of discovery and the copies of documents filed with the court," "[e]xtra copies for the convenience of counsel are not considered necessary for these purposes and therefore not taxed as costs." *Iniekpo v. Avstar Int'l Corp.*, No. SA–07–CA–879–XR, 2010 WL 3909321, at *2 n.21 (W.D. Tex. Sept. 30, 2010).

Here, Defendant objects to $1,034.68 in copy charges included on Invoice # 45437, dated January 27, 2015. (*See* doc. 315-2 at 3-4.) Although Invoice # 45437 does not expressly identify "copy charges" as an expense, the majority of the bill is associated with printing electronic files to paper.[12] (*See* doc. 311-5 at 54.) Because these documents already existed in an electronic format, any paper copy produced by Plaintiff was for his convenience and not "necessarily obtained" under § 1920(4). Defendant's objection to copy charges should therefore be sustained and Plaintiff's requested costs should therefore be reduced by $1,034.68.

### III. RECOMMENDATION

Defendant's objection should be **SUSTAINED**, and Plaintiff should recover $47,366.11[13] in taxable costs.

**SO RECOMMENDED on this 26th day of February, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[12] Plaintiff's invoice identifies this as "blowbacks." (doc. 311-5 at 54.) A "blowback" is a paper copy produced from an electronic document. *Roehrs v. Conesys, Inc.*, No. 3:05–CV–829–M (BH), 2008 WL 755187, at *3 n.6 (N.D. Tex. Mar. 21, 2008) (citations omitted).

[13] The parties reached an agreement regarding all other claimed costs, and Plaintiff agreed to remove $1,024.53 for legal services performed by a French law firm. (docs. 314 at 1; 315-1 at 1.)

8

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE