## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JEAN MELCHIOR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:11-CV-3094-M (BH)** |
| | § | |
| **HILITE INTERNATIONAL, INC.,** | § | |
| | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By order of reference dated June 23, 2017 (doc. 367), before the Court are the defendant's *Bill of Costs*, filed April 19, 2017 (doc. 347), and *Plaintiff Jean Melchior's Response and Objections to Hilite International, Inc.'s Bill of Costs*, filed May 24, 2017 (doc. 360). Based on the relevant filings and applicable law, the plaintiff's objection to the award of costs for any audio/visual services other than for video depositions should be **SUSTAINED**, and the defendant should be awarded $94,985.33 in costs.

### I. BACKGROUND

On November 9, 2011, Jean Melchior (Plaintiff) filed suit against Hilite International, Inc. (Defendant), alleging patent infringement, induced patent infringement, contributory patent infringement, and exportation of components of patented invention. (docs. 1; 116 at 6-9.)[1] Following a jury trial in February 2015, the jury rendered a verdict in Plaintiff's favor. (doc. 263.) After ruling on the parties' post-verdict motions, on July 27, 2015, the Court entered a final judgment in Plaintiff's favor and ordered that he recover his costs. (doc. 293.) On December 12,

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2016, the United States Court of Appeals for the Federal Circuit reversed the denial of Defendant's motion for judgment as a matter of law.  (docs. 322, 323.)  The Court vacated the July 27, 2015 judgment in Plaintiff's favor and order awarding him costs on April 5, 2017.  (doc. 342.)

On April 19, 2017, Defendant submitted its bill of costs for $204,263.86.  (doc. 347 at 1.) Plaintiff's response and objections, filed on May 24, 2017, states that the "[p]arties reached agreements . . . resolving a substantial number of [his] objections." (doc. 360 at 1.)  He contends that Defendant agreed to reduce the amount of the costs its requested in Exhibits A-1 and A-3 to the bill of costs by a total of $5,793.58.  (*Id.* at 1 n.1.)  Defendant also agreed to reduce the amount of requested costs for "Audio/Visual Services" listed in Exhibit A-5 from $107,829.95 to $103,933.00, a difference of $3,896.95.[2]  (*Id.*; doc. 360-1 at 3.)

Plaintiff objects to any award of costs for audio/visual services, contending that of the $103,933.00 that Defendant now requests, only the limited costs associated with the preparation of video depositions in the amount of $4,345.00 may be taxed.  (*See* doc. 360 at 1 n.2, 3-5; doc. 360-1 at 10, 16-17.)  In the alternative, he seeks a reduction of $12,727.50 for specific entries in Exhibit A-5 that allegedly do not represent costs for audio/visual services and/or "are block billed with other 'administrative' type expenses."  (doc. 360 at 1 n.2, 9-10; doc. 360-1 at 13, 16-18.)

## II. ANALYSIS

Plaintiff argues that expenses for audio/visual services are not recoverable under 28 U.S.C. § 1920, and that they may only be taxed if prior court authorization was obtained.  (doc. 360 at 3-6.)

Under Rule 54 of the Federal Rules of Civil Procedure, a prevailing party in a civil action is entitled to recover its costs unless otherwise directed by a court or statute.  Fed. R. Civ. P.

---

[2] Plaintiff states that the agreed reduction was $3,896.00.  (*See* doc. 360 at 1 n.1.)

2

54(d)(1). There is "a strong presumption that the prevailing party will be awarded costs." *Schwarz*

*v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346

(1981)). This presumption is rebuttable, however, and the district court retains the discretion not

to award costs. *See United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 539 (5th Cir. 1987).

"[S]ection 1920 strictly limits the types of costs that may be awarded to a prevailing party."

*Erfindergemeinschaft UroPep GbR v. Eli Lilly and Co.*, No. 2:15-CV-1202-WCB, 2017 WL

3044594, at *1 (E.D. Tex. July 18, 2017) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S.

437, 440–41 (1987)). As noted by the Fifth Circuit Court of Appeals, "[t]he Supreme Court has

indicated that federal courts may only award those costs articulated in section 1920 absent explicit

statutory or contractual authorization to the contrary." *Mota v. Univ. of Tex. Houston Health Sci.*

*Ctr.*, 261 F.3d 512, 529–30 (5th Cir. 2001).[3] The party seeking recovery of its costs bears the burden

of proving the amount and necessity of its costs. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64

(5th Cir. 1994); *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991).

## A.  Exemplification

Plaintiff objects that Defendant's costs for audio/visual services are not exemplification

under 28 U.S.C. § 1920(4). (doc. 360 at 3-5; doc. 360-1.)

Section 1920(4) allows for the taxing of costs of "[f]ees for exemplification and the costs of

making copies of any materials where the copies are necessarily obtained for use in the case." 28

U.S.C. § 1920(4). "The 2008 amendments to § 1920(4) replaced 'copies of papers' with 'the costs

of making copies of any materials,' where the copies are necessarily obtained for use in the case."

---

[3] Taxable costs include: (1) fees paid to the clerk and marshal; (2) fees paid to the court reporter or stenographer for all or part of the stenographic transcript necessarily obtained for use in the case; (3) witness fees and related expenses; (4) printing costs; (5) fees for exemplification and copies of papers necessarily obtained for use in the case; and (6) fees of court appointed experts, interpreters and special interpretation services. 28 U.S.C. § 1920.

*Structural Metal, Inc. v. S&C Elec. Co.*, No. SA–09–CV–984–XR, 2013 WL 3790450, at *7 (W.D. Tex. July 19, 2013). Accordingly, "the taxable costs of making copies are no longer limited to just paper copies." *Eolas Tech., Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 806 (E.D. Tex. 2012).

"Consistent with the 'strict construction' given to section 1920 by the Supreme Court and the Fifth Circuit, the Federal Circuit has construed the term 'exemplification' narrowly to be limited to 'an official transcript of a public record, authenticated as a true copy for use as evidence.'" *Erfindergemeinschaft UroPep GbR*, 2017 WL 3044594, at *2 (citing cases). Courts within this circuit have held that various costs for audio/visual services do not fall within the narrow meaning of exemplification. *See id.* at *2–4 (holding that costs for a technology tutorial, demonstratives, and models used at trial "did not fit within the definition of 'exemplifications'"); *EVM Sys., LLC v. Rex Med., L.P.*, No. 6:13-CV-184, 2016 WL 3475318, at *2 (N.D. Tex. Feb. 5, 2016) ("costs associated with an audio and visual technician's services used during trial" were not exemplification under § 1920(4)); *Mobile Telecomms. Techs., LLC v. Samsung Telecomms. Am., LLC*, No. 2:13-CV-259-RSP, 2015 WL 5719123, at *2–3 (E.D. Tex. Sept. 28, 2015) ("claim construction presentation and technical tutorial" did not fall within the narrow interpretation of "exemplification"); *Summit 6 LLC v. Research in Motion Corp.*, No. 3:11-CV-367-O, 2013 WL 12124322, at *4 (N.D. Tex. Nov. 26, 2013) (finding that costs for the creation of demonstratives and in court audio/visual services were not recoverable as fees for exemplification).

Defendant argues that the narrow definition of exemplification "has not been adopted by the Fifth Circuit in a complex case like this to preclude costs associated with audiovisual services under § 1920(4)." (doc. 363 at 3.) It presents no support for this assertion, however, and neither the Fifth Circuit nor other courts within this circuit have made this distinction in determining whether costs

4

for audio/visual services constitute exemplification. *See Erfindergemeinschaft UroPep GbR*, 2017 WL 3044594, at *2–5 (determining that a technology tutorial and demonstratives used at trial were not exemplifications); *Summit 6 LLC*, 2013 WL 12124322, at *4 (costs for audio/visual services did not constitute exemplification); *but see RLIS, Inc. v. Cerner Corp.*, No. 3:12–CV–209, 2015 WL 4040569, at *3–4 (S.D. Tex. July 1, 2015) (comparing cases to find that Fifth Circuit law "permits recovery of charges for technical support at trial, but prohibits recovery of the cost to prepare trial graphics and animations" under § 1920(4)).  Rather, the Fifth Circuit has noted the Supreme Court's admonition that § 1920 must be strictly construed. *See Mota*, 261 F.3d at 529–30; *Coats*, 5 F.3d at 891–92; *see also Crawford Fitting Co.*, 482 U.S. at 445 (limiting a court's discretion to award costs under § 1920 to those permitted under that statute).  In specifically finding that exemplification is limited to "[a]n official transcript of a public record, authenticated as a true copy for use as evidence," the Federal Circuit noted that the Fifth Circuit followed this same narrow definition in *Coats*. *See Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1375–76 (Fed. Cir. 2006).  This narrow definition of exemplification is in accordance with the strict construction given to § 1920 by the Supreme Court and the Fifth Circuit.

Here, Defendant's costs related to the creation and presentation of graphics for trial are not "limited to 'an official transcript of public record'" and therefore do not fit within the narrow meaning of "exemplification." *See Erfindergemeinschaft UroPep GbR*, 2017 WL 3044594, at *2–4; *Mobile Telecomms. Techs., LLC*, 2015 WL 5719123, at *2–3.  Because Defendant's costs for audio/visual services are not "exemplification," they are not recoverable under § 1920(4).

## B.    Pretrial Authorization

Plaintiff next asserts that Defendant may not recover costs for audio/visual services because

5

it did not obtain prior court approval before incurring those costs.  (doc. 360 at 5-6.)

Although Defendant's requested costs for audio/visual services are not recoverable as "exemplification" under § 1920(4), these costs may be recoverable if the Court gave pretrial authorization for the incurring of such costs. *See  Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995) ("Absent prior approval of the exhibits . . . a party may not later request taxation of the production costs" of trial exhibits); *Erfindergemeinschaft UroPep GbR*, 2017 WL 3044594, at *2–4 (stating that expenses for "computer animations, videos, Powerpoint presentations, and graphic illustrations . . . do not fall within the scope of recoverable costs, at least absent prior approval from the court."); *Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3-10-CV-0481-M-BD, 2010 WL 5093945, at *6 (N.D. Tex. Nov. 10, 2010) ("expenses for . . . photographs, maps, charts, graphs, and other demonstrative aids—are taxable as costs provided the prevailing party obtained court approval before incurring the expense."); *see also Summit 6 LLC*, 2013 WL 12124322, at *4 (refusing to award costs for the creation and use of trial demonstratives and for graphics personnel and professional services where the plaintiffs did not obtain prior approval to incur those costs); *Auto Wax Co., Inc. v. Mark V Prods., Inc.*, No. CIV.A.3:99-CV-0982-M, 2002 WL 265091, at *11 (N.D. Tex. Feb. 22, 2002) (Lynn, J.) (citing *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1985) ("expenses for leasing audio-visual equipment . . . used to display exhibits at trial . . . can be taxed as costs only if the Court gave pretrial authorization").

Here, Defendant asserts that the court implicitly gave it prior approval to incur costs for audio/visual services by allowing it to use a technology tutorial and other aids at trial.  (doc. 363 at 6-8.)  It also contends that preapproval is implicit because of the complexity of the case, and that

6

Plaintiff's argument "is inconsistent with its own request for audiovisual services."[4]  (*Id.* at 5-7.)

Permission from the Court to use audio/visual services at trial does not amount to preauthorization for Defendant to incur costs for those services prior to and/or during trial.  *See Auto Wax Co., Inc.*, 2002 WL 265091, at *11 (determining that the Court did not implicitly preauthorize the plaintiff to incur costs for audio/visual equipment by allowing the plaintiff to use this equipment during trial).  The complexity of the case and Plaintiff's request for costs for audio/visual services are insufficient grounds to allow Defendant to recover its costs for audio/visual services where it did not receive prior approval to incur such costs.  *See Hoffman*, 2015 WL 1000864, at *9–10 (declining to award costs for audio/visual services where the defendant argued it should recover even without prior approval because the plaintiff sought to recover costs for audio/visual services as well); *Auto Wax Co., Inc.*, 2002 WL 265091, at *11 (alteration in original) (finding that costs for audio/visual equipment were not recoverable without preauthorization even though the plaintiff asserted that the equipment was "reasonable and necessary in [such] a document intensive, complicated case.").  Further, to the extent Defendant seeks to recover costs for on-site audio/visual services, such costs are also not recoverable without preauthorization from the court.  *See Hoffman*, 2015 WL 1000864, at *9–10 (costs for "in-court audio-visual services" could not be recovered with preauthorization); *Summit 6 LLC*, 2013 WL 12124322, at *4 (same).

---

[4] Without seeking leave of court, Defendant filed an appendix to its reply that contains transcripts of a technology tutorial, a motion for pretrial conference, and Plaintiff's amended bill of costs, filed after this Court's prior decision in his favor.  (docs. 364-1; 364-2; 364-3.)  The Local Civil Rules for the Northern District of Texas do not permit the filing of evidence in support of a reply.  *See* L.R. 7.1(f) (permitting the filing of a reply brief).  A movant is not ordinarily permitted to introduce new evidence in support of a reply because such action deprives the non-movant of a meaningful opportunity to respond.  *See Springs Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239–240 (N.D. Tex. 1991) (Fitzwater, C.J.).  This evidence is therefore not considered.  *See id.* at 240 ("[W]here a movant has injected new evidentiary materials in a reply without affording the non-movant an opportunity for further response, the court [ ] retains the discretion to decline to consider them.").  Even if considered, however, Defendant's new evidence would not change the determination.

Defendant also asserts that its costs for audio/visual services are recoverable because they were necessary, anticipated, and reasonable in this patent case. (doc. 363 at 4-5.) However, the cases cited by Defendant support this assertion only where the court gave prior approval to incur such expenses. *See Kroy IP Holdings, LLC v. Safeway, Inc.*, No. 2:12-CV-800, 2015 WL 4776501, at *2 (E.D. Tex. Aug. 13, 2015) (costs for trial preparation and graphics were not recoverable without pretrial authorization from the court); *Two-Way Media, LLC v. AT&T Servs., Inc.*, No. SA-09-CA-00476-OLG, 2013 WL 12090356, at *5–6 (W.D. Tex. Nov. 22, 2013) (finding that the court's invitation for both parties to submit tutorials was tantamount to pretrial approval); *Versata Software Inc. v. SAP Am. Inc.*, No. 07-153, 2011 WL 4436283, at *2 (E.D. Tex. Sept. 23, 2011) ("requested audio/visual technical support costs [were] appropriate" where the court required the "parties to present their evidence at trial in a streamlined, orderly, and efficient manner."). Additionally, the other cases cited by Defendant for support were cases where the opposing party challenged only the amount of costs for audio/visual services, rather than the award itself. *See Erfindergemeinschaft UroPep GbR*, 2017 WL 3044594, at *4 (clarifying that the opposing parties in *Realtime Data, LLC v. T-Mobile USA, Inc.*, No. 6:10-CV-493, 2013 WL 12156681 (E.D. Tex. May 1, 2013) and *Eolas Techs. Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803 (E.D. Tex. 2012) did not object to the award of costs for audio/visual services, but only to the "amount of the requested award for those services.").

Similarly, costs for on-site audio/visual services such as "set up and tear-down costs" may be recoverable where the trial court preauthorized such expenses. *See Hoffman v. L&M Arts*, No. 3:10-CV-0953-D, 2015 WL 1000864, at *9–10 (N.D. Tex. Mar. 6, 2015) (determining that the defendants could not recover costs for "in-court audio-visual services" where the court did not

8

approve those costs before they were incurred); *Summit 6 LLC*, 2013 WL 12124322, at *4 (finding that "costs for audiovisual setup, preparation, and 'tear down' expenses" were not properly taxable without prior approval).

Because costs for audio/visual services are not recoverable without pre-authorization from the Court, and Defendant has not shown that it received pre-authorization to incur such costs, Plaintiff's objection to the recovery of costs for audio/visual services, with the exception of $4,345.00 for costs associated with preparation of video depositions, should be sustained. Defendants' reduced requested costs for audio/visual services in the amount of $103,933.00 should be further reduced by $99,588.00.[5]

After subtracting the amount that Defendant agreed to reduce from Exhibits A-1 and A-3 ($5793.58), the amount Defendant agreed to reduce from Exhibit A-5 ($3,896.95), and the additional disallowed amount for audio/visual services ($99,588.00) from the original requested amount ($204,263.86), Defendant's recoverable costs total $94,985.33.

### III. RECOMMENDATION

Defendant should be awarded $94,985.33 in taxable costs.

**SO RECOMMENDED** on this 30th day of January, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Because it has been recommended that Plaintiff's objection to an award of costs for audio/visual services be sustained, his remaining or alternative arguments need not be addressed.

9

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

10