UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEAN MELCHIOR, | § § § § § § § § § § § § | |
| Plaintiff and Counterclaim-Defendant, | | |
| v. | | Civil Action No. 3:11-cv-03094-M |
| HILITE INTERNATIONAL, INC., | | |
| Defendant and Counterclaim-Plaintiff. | | |

| | | |
|---|---|---|
| HILITE INTERNATIONAL, INC., | § § § § § § § § § § § § | |
| Third-Party Plaintiff, | | |
| v. | | |
| BORGWARNER, INC. and BORGWARNER MORSE TEC INC., | | |
| Third-Party Defendants. | | |

## ORDER

Before the Court is a Motion for Entry of Final Judgment (ECF No. 376), filed by Defendant Hilite International, Inc. ("Hilite"). On February 27, 2015, the jury rendered a verdict finding in favor of Plaintiff Jean Melchior ("Melchior"). Following the jury trial, this Court denied Hilite's motion for judgment as a matter of law of noninfringement and invalidity, and entered judgment for Melchior. Hilite appealed, and on December 12, 2016, the Federal Circuit reversed, holding that the asserted patent claims were invalid. On March 7, 2017, the Federal Circuit entered its formal mandate pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. Hilite now

requests that the Court enter a final judgment that the asserted patent claims are invalid as a matter of law.  (Mot. ¶ 9).

The mandate rule requires a lower court to implement both the letter and the spirit of the appellate court's mandate, and not disregard the explicit directives of that court.  *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004).  At the same time, "the district court is not preempted from acting on a matter neither raised before nor acted upon by [the appellate] court."  *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1241 (5th Cir. 1984) (internal citation omitted).

Hilite argues that "[t]he absence of the word 'remand' or any other direction in the Federal Circuit's mandate does not preclude this Court from entering a final judgment."  (Reply, ECF No. 380 at 2).  It is true that the lack of the word "remand" does not prohibit a district court from undertaking further proceedings after the disposition of a case by an appellate court.  For instance, in *Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, the Federal Circuit found that its judgment reversing, but not remanding, the district court's denial of appellant's motion for judgment as a matter of law on literal infringement did not prevent the district court from considering appellant's motion for new trial on infringement under the doctrine of equivalents.  137 F.3d 1475, 1477–78 (Fed. Cir. 1998).  The Federal Circuit reasoned that because its mandate on the motion for judgment as a matter of law did not resolve the appellant's doctrine-of-equivalents infringement claim, the mandate did not preclude the district court from addressing it.  *Id*. at 1479; *see also Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168–69 (1939) (district court had authority to award attorneys' fees even though district court's judgment was "reversed," rather than "reversed and remanded").

Here, the Federal Circuit reversed this Court's ruling on Hilite's motion for judgment as a matter of law of invalidity without remand and entered judgment.  (*See* Not. of Entry of J.

Accompanied by Op., ECF No. 322). As reflected in its Order of April 5, 2017 (ECF No. 342), this Court had the authority to award costs and consider a motion for an exceptional case finding under 35 U.S.C. § 285—matters that were neither raised before nor acted upon by the Federal Circuit. The Court, however, does not have the authority to enter a judgment of invalidity when the Federal Circuit has already done so. Accordingly,

IT IS ORDERED that Hilite's Motion for Entry of Final Judgment (ECF No. 376) is **DENIED**.

IT IS FURTHER ORDERED that, pursuant to the Federal Circuit's mandate issued on December 12, 2016, and in light of the resolution of all third-party claims and Hilite's decision not to seek exceptional case status, this case is **DISMISSED**.

**SO ORDERED**.

March 6, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE